## OBADIAH HUSE
### .V.
## INTER-OCEAN PUBLISHING COMPANY.

LIBEL.—The court is of the opinion that the article complained of, taken as a whole, is susceptible of no other fair construction than as containing an imputation upon the plaintiff's honesty and integrity in respect to the matter therein referred, and that the tendency was to expose him to public hatred and contempt. As the article was libelous and the declaration was not faulty, the court erred in sustaining the demurrer.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.  Opinion filed April 24, 1883.

This was an action on the case for libel, brought by appellant against appellee in the Superior Court of Cook county. The article complained of appeared in the *Daily Inter-Ocean*, a newspaper published in the city of Chicago, and was as follows:

"Recognizing the fact that many of the best students are not the richest, several years ago an association was formed to aid deserving young ladies in pursuit of knowledge.  They bought and fitted up a house located convenient to the University and Woman's College, known as the College Cottage. At one time this institution was known among the students' community by the appropriate though not elegant name of 'Obadiah's Hash House.'  For several years one Obadiah Huse acted as treasurer for the society, asking no fee for the time he spent in looking after the financial affairs of the association.  So long as he held the office he refused to give an itemized account of moneys received and expended, but at the close of each year reported the society his debtor by one hundred or two hundred dollars.  Last year this respected treasurer was invited to resign, and his place was filled by another; since that time the cottage has been repainted, connected with a sewer, and partly refurnished; the price of board was reduced, and food of a better quality supplied.  Their re-

ceipts were no larger during the year than usual. They have also been involved in a lawsuit on account of the deeds of their former treasurer. But at the close of the last school year they had about one hundred dollars left in the treasury. The ladies of the association are now repairing the cottage for next term; the house can accommodate about twenty-five. They have already had a large number of applicants."

The defendant demurred to the declaration, and the court sustained the demurrer. The plaintiff electing to stand by his declaration, judgment was rendered against him for costs, from which judgment he appealed to this court, and assigns for error the sustaining of the demurrer, and the rendition of the judgment against him for costs.

Mr. MORTON CULVER, for appellant; that it was libelous to publish that which tended to expose appellant to public ridicule, cited Archbishop, etc. v. Robeson, 5 Bingh. 21; Villers v. Monsley, 2 Wilson, 403; Cropp v. Tilney, 3 Salk. 225; Carey v. Allen, 39 Wis. 482; Miller v. Butler, 6 Cush. (Mass.) 71; Maynard v. Fireman's Fund Ins. Co. 47 Cal. 207; Clifford v. Cochrane, 10 Bradwell, 570.

A libelous charge may be made upon a course of conduct in itself unlawful: Cheney v. Goodrich, 98 Mass. 224.

As to the rule of interpretation of words published: Carey v. Thorley, 4 Taunt. 355; Kerr v. Force, 3 Cranch C. Ct. 8; Hogg v. Wilson, 1 Nott & M. (S. C.) 216; Chaddock v. Briggs, 13 Mass. 248; Moore v. Bennett, 48 N. Y. 472; Barnes v. Hamon, 71 Ill. 609; McKee v. Ingalls, 4 Scam. 30.

It was libelous to impute to appellant the crime of embezzlement: Strauss v. Meyer, 48 Ill. 385; Zuckerman v. Sonnenshein, 62 Ill. 115; Flagg v. Roberts, 67 Ill. 485.

The natural consequence of the charge ought not to be overlooked in fixing its libelous nature: Foval v. Hallett, 10 Bradwell, 265.

As to definitions of libel: White v. Nichols, 3 How. 266; State v. Jeandell, 5 Har. (Del.) 475; Amentrout v. Moranda, 8 Blackf. 426; Torrance v. Hurst, 1 Miss. 403; Nowbraugh,

v. Curry, Wright (O.), 47; Commonwealth v. Clapp, 4 Mass. 163; Obaugh v. Finn, 4 Ark. 110 ; Steele v. Southwick, 9 Johns. (N. Y.) 214; Worthington v. Houghton, 109 Mass. 481.

Malice, *i. e.,* malignant intention, is not a necessary element in libel, nor is a special damage: Cramer v. Riggs, 17 Wend. (N. Y.) 209; Wilson v. Noonan, 27 Wis. 598; Wilson v. Noonan, 35 Wis. 321.

As to libelous charges: Williams v. Godkins, 5 Daly ( N. Y.), 499; Tillson v. Robbins, 68 Me. 295; Russell v. Anthony, 21 Kan. 450; Tryon v. Evening News Asso. 39 Mich. 636.

When the charge is equivocal, the construction of it is a question for the jury: Snyder v. Andrews, 6 Barb. 43; Green v. Telfair, 20 Barb. 11; Rice v. Simmons, 2 Harr. (Del.) 417; Layton v. Harris, 3 Harr. (Del.) 406; Sanderson v. Caldwell, 45 N. Y. 398; Hayes v. Ball, 72 N. Y. 418; Downing v. Brown, 3 Colo. 571; Thompson v. Powning, 15 Nev. 195; Moore v. Butler, 48 N. H. 161; Edwards v. Chander, 14 Mich. 471.

If the words are false, they are actionable, though believed to be true and acted upon in good faith: Smart v. Blanchard, 42 N. H. 137; Littlejohn v. Greeley, 13 Abb. Pr. (N. Y.) 41.

Even a correct account of judicial proceedings, if accompanied with comments and insinuations tending to asperse a man's character, may be libelous: Commonwealth v. Blanding, 3 Pick. 304; Thomas v. Crosswell, 7 Johns. 264; Commonwealth v. Odell, 3 Pittsburgh (Pa.), 449; Cooper v. Greeley, 1 Denio, 347.

Messrs. W. H. & J. H. MOORE, for appellee; that injury to a plaintiff in the way of his trade or business must be specially alleged, and special damages claimed, cited Odger's Libel and Slander, 313; Townshend's Slander and Libel, § 317.

When it is claimed that words have been used ironically, there must be an inducement of matter, showing such ironical sense: Townshend's Slander and Libel, § 308; Dorsey v. Whipps, 8 Gill (Md.), 457; Coydell v. Jones, 4 M. & W. 446; 7 Dowl. Pr. Cas. 210.

An innuendo can not perform the office of a *colloquium:* Townshend's Slander and Libel, §336; Holton v. Muzzy, 30 Vt. 365.

It is not libelous to say of one that he is not respected: Clay v. Roberts, 8 Law Times, N. S. 397.

It is not libelous to say of a man that he refuses to render an itemized account: Goodrich v. Hooper, 97 Mass. 1.

PER CURIAM. We are unable to perceive in what respect the declaration is faulty, if the article complained of is libelous. It is drawn in accordance with approved precedents, and contains the necessary inducement, innuendoes, etc., in respect to the words alleged to be libelous.

The statutes of this State define a libel to be " a malicious defamation expressed either by printing, or by signs, or pictures, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue or reputation, or publish the natural defects of one who is alive, and thereby to expose him to public hatred, contempt, ridicule or financial injury." It seems to us that the article complained of, taken as a whole, is susceptible of no other fair construction than as containing an imputation upon the plaintiff's honesty and integrity, in respect to the matter therein referred to, and that its tendency was to expose him to public hatred and contempt, thus bringing the case within the definition of a libel. We think the plaintiff was entitled to a rule on the defendant to plead, and that the court erred in sustaining the demurrer to the declaration.

The judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.